## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **COMPLAINT** |
| | : | |
| v. | : | Honorable Jose R. Almonte |
| | : | |
| TESHAN HOPE | : | Mag. No. 25-16030 |
| | : | |
| | : | **FILED UNDER SEAL** |

I, Caroline Blanchard, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives and that this criminal complaint is based on the following facts:

### SEE ATTACHMENT B

*Caroline Blanchard*
_____
Caroline Blanchard, Special Agent
Bureau of Alcohol, Tobacco, Firearms, &
Explosives

Special Agent Blanchard attested to this Affidavit by telephone pursuant to F.R.C.P. 4.1(b)(2)(A) on this 24th day of February, 2025.

*Jose R. Almonte*
_____
Hon. Jose R. Almonte
United States Magistrate Judge

## ATTACHMENT A

### COUNT ONE
### (Firearms Trafficking Conspiracy)

From at least as early as in or around September 2024 until at least in or around November 2024, in Essex County, in the District of New Jersey and elsewhere, the defendant,

### TESHAN HOPE,

did knowingly and willfully conspire with others, to ship, transport, transfer, cause to be transported, and otherwise dispose of any firearm to another person in or otherwise affecting interstate and foreign commerce, knowing and with reason to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony, contrary to Title 18, United States Code, Section 933(a)(1).

In violation of Title 18, United States Code, Section 933(a)(3).

## COUNT TWO
(Dealing Firearms Without a License)

From at least as early as in or around September 2024 until at least in or around November 2024, in Essex County, in the District of New Jersey and elsewhere, the defendant,

**TESHAN HOPE,**

not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, or in the course of such business, did transport a firearm in interstate commerce.

In violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a) and 924(a)(1)(D).

2

**ATTACHMENT B**

I, Caroline Blanchard, am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, photographs, recordings, and other items of evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. Since at least in or around September 2024, the ATF has been investigating a firearms trafficking ring operating in and around Essex County, New Jersey.

2. Teshan Hope (hereinafter "the defendant" or "Hope") is a member of a conspiracy involving several individuals who aided in obtaining and transporting firearms and ammunition for the purpose of trafficking those firearms and ammunition. During September and October 2024, Hope arranged with co-conspirators to obtain and sell firearms and ammunition on at least four occasions during controlled buys, which were recorded by ATF and involved the use of a Confidential Informant (the "CI"), as more fully described below.

3. During a conversation in September 2024, prior to the first transaction, as described below, Hope and the CI discussed that the CI was obtaining firearms and ammunition for the purpose of shipping them outside of the United States. Hope had also informed the CI during this period that he had three separate sources from which he obtained the firearms and ammunition. During the course of the transactions, Hope had co-conspirators aid him by delivering the firearms to him, as indicated by Hope in conversations with the CI and corroborated by surveillance which showed individuals driving up to Hope's residence in East Orange prior to certain transactions, consistent with delivery of the firearms and ammunition. Co-conspirators also at times conducted surveillance at the meeting location to make sure that no one was following the CI, and during some of the transaction dates co-conspirators drove Hope to the meeting locations.

4. On or about September 20, 2024, at a pre-arranged meeting location in East Orange, New Jersey, Hope met with the CI. Hope told the CI that the individual who was bringing the guns to Hope was about ten minutes away. The CI, at Hope's direction and with Hope in the CI's vehicle, then drove a short distance away to a location in Orange, New Jersey, where Hope and the CI waited for Hope's co-conspirator to deliver the firearms.

5.    A short time later, a black Chrysler vehicle pulled into the location and Hope then went to the driver's side of the Chrysler and engaged in conversation with the driver, who then handed Hope a bag. Hope then returned to the CI's vehicle and had a discussion about the firearms and ammunition in the bag. The CI then gave Hope a total of $1,800 for the bag containing the firearms and ammunition. Hope then left the CI's vehicle.

6.    The CI then met with ATF agents, who recovered the firearms and ammunition that had been purchased. Those firearms were: (1) a Taurus Model 565 .22 Magnum revolver, bearing serial number PL39932; (2) a Taurus Model "The Judge" .410 caliber revolver, bearing serial number DT251225; (3) five .410 caliber rounds of ammunition that were inside the .410 revolver; (4) a Rossi Model 851 .38 special caliber revolver, bearing serial number HZ972869; and (5) six .38 special rounds of ammunition that were inside the .38 revolver.

7.    On or about September 25, 2024, Hope met with the CI at a pre-arranged meeting location in East Orange, New Jersey for the purpose of a controlled buy of firearms and ammunition, which had been discussed via text messages between Hope and the CI. Shortly before the transaction, law enforcement observed Hope leave his residence in East Orange and meet with an individual who had driven to and then entered Hope's residence. A short time later, the individual left Hope's residence and drove to a position where he could watch the area of a parking lot where the CI was waiting for Hope. Hope then arrived at the meeting location in a Honda vehicle. When he exited, he retrieved a bag from the passenger seat and walked to the CI's vehicle, which he entered. Hope met with the CI and exchanged firearms and ammunition for approximately $1,800 in U.S. Currency.

8.    The CI then met with ATF agents, who recovered the firearms and ammunition that had been purchased. Those firearms were: (1) a Cobra Model FS380 .380 caliber semi-automatic pistol, bearing serial number FS076433; (2) seven .380 caliber rounds of ammunition that was inside of the Cobra .380 firearm; (3) a Ruger Model Security-9 9mm Luger semi-automatic pistol bearing serial number 383-50718; (4) three rounds of 9mm ammunition loaded into the magazine of the Ruger 9mm firearm; (5) a Mossberg Model 500A 12-Gauge shotgun bearing serial number J746593; and (6) twenty-five .380 caliber rounds of ammunition.

9.    On or about October 10, 2024, Hope met with the CI at a pre-arranged meeting location in Orange, New Jersey for the purpose of a controlled buy of firearms and ammunition, which had been discussed via cell phone communications between Hope and the CI. Hope directed the CI to drive to a second location in Orange to make sure the CI was not followed. At the second location, Hope entered the CI's vehicle and placed a bag with the firearms and ammunition into the vehicle. Hope was paid approximately $1,800 and he then left the CI's vehicle.

10.     The CI then met with ATF agents, who recovered the firearms and ammunition that had been purchased. Those firearms were: (1) a Browning Arms Model Citori; (2) a 20 Gauge short barrel shotgun bearing serial number J20263NM763; (3) a Beretta Model 90two .40 caliber semi-automatic pistol bearing serial number TY02074; (4) a Cobra RPB Industries Model M10 9mm Luger semi-automatic pistol, bearing serial number 82-0001962; and (5) forty-four 12-Gauge rounds of ammunition.

11.     On or about October 29, 2024, Hope met with the CI at a pre-arranged meeting location in East Orange, New Jersey for the purpose of a controlled buy of firearms and ammunition, which had been discussed via cell phone communications between Hope and the CI.

12.     At the location, just prior to the arranged meeting, uniformed East Orange police officers were investigating an unrelated incident. Observing the uniformed police, Hope then told the CI to go to a second location in East Orange. At the second location, Hope was observed exiting the passenger side of a Cadillac vehicle and then proceeded to enter the CI's vehicle with a black bag containing the firearms and ammunition. The CI paid Hope approximately $1,500 and Hope exited the CI's vehicle.

13.     The CI then met with ATF agents, who recovered the firearms and ammunition that had been purchased. Those firearms were: (1) a Smith & Wesson, Model: 681, .357 caliber revolver, bearing serial number AAP3310; (2) six rounds of .357 caliber ammunition that were in the .357 revolver; (3) a Smith & Wesson Model 10-5 .38 caliber revolver, bearing serial number 70280; and (4) six rounds of .38 caliber ammunition that was in the .38 caliber revolver.

14.     All of the above listed firearms and ammunition were manufactured outside of New Jersey and thus traveled in interstate commerce prior to Hope's possession of them on the above dates.

15.     A law enforcement search of records revealed that Hope did not have a license to conduct business as a licensed importer, a licensed manufacturer, or a licensed dealer of firearms.